UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DERRICK L. HOOD, JR.,

Plaintiff,

v.   CAUSE NO. 1:23-CV-135-HAB-SLC

ALLEN COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Derrick L. Hood, Jr., a prisoner without a lawyer, filed an amended complaint against the Allen County Jail, Ray Chad, Officer Zakhi, and Officer Clark.[1] ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Hood attempted to supplement his complaint (ECF 12), but the court explained that he cannot amend his complaint in a piecemeal fashion. He was given an opportunity to file an amended complaint containing all his claims and cautioned that, if he did not, the case would proceed based on the complaint he filed on June 15, 2023. ECF 15. He did not file an amended complaint.

Hood alleges that Officer Zakhi assaulted him in the past[2] and he is terrified of Officer Zakhi. Hood further alleges that Officer Zakhi should not be around him due to the prior assault, but on April 18, 2023, Officer Zakhi was near him on C-block. No further details are provided. These allegations, standing alone, do not implicate constitutional concerns, and he therefore will not be permitted to proceed against Officer Zakhi.

Hood further alleges that a man was attempting to buy oral sex from him, and he sought help from Ray Chad. Chad threatened to put Hood on "deadlock" or in segregation for seeking help. Chad accused Hood of attempting to manipulate housing assignments. On April 24, 2023, Hood was placed in disciplinary housing. While there, he was in a cell with two other people. The cell was designed to house only two inmates.

It is unclear who placed Hood in disciplinary housing. It is unclear if Hood was moved to disciplinary housing because he needed to be separated from the inmate attempting to buy oral sex from him or if he was transferred for another reason. It is unclear if he was charged with a disciplinary offense. And, if he was charged with a disciplinary offense, it is unclear if Hood received notice of the violation and an opportunity to be heard. He also does not indicate how long he was housed in disciplinary segregation. Without more information, the court cannot find that Hood has plausibly alleged a constitutional violation.

---

[2] Mr. Hood does not appear to be asserting an excessive force claim against Officer Zakhi. The complaint indicates that the assault occurred in December 2022, but he provides no information about this assault whatsoever, and therefore has not stated a claim for excessive force against Officer Zakhi.

On June 2, 2023, Hood was placed in disciplinary housing again. He says there was no reason for it. There were again three people assigned to the cell. Hood suffers from PTSD and night terrors, and he indicates he had more night terrors due to these conditions. Hood claims he was afraid he would be killed by one of the guards. He also claims there was feces on the walls, there is no way to contact jail staff if you needed them, and he was not able to call home.

Hood again provides few details. It is unclear who decided he should be housed in disciplinary housing or how long he was housed there. Nothing prevents the jail from altering Hood's housing assignment for managerial reasons, even if the conditions he endured in the new housing area are harsher than previous conditions. *See Bell v. Wolfish,* 441 U.S. 520, 535–41 (1979); *Rapier v. Harris,* 172 F.3d 999, 1002-06 (7th Cir. 1999); *Fuentes v. Wagner,* 206 F.3d 335, 341–42 (3d Cir. 2000). Therefore, Hood has not plausibly alleged that any constitutional violation occurred when he was placed in disciplinary housing on June 2, 2023.

Hood also complains about the conditions in disciplinary housing, but he does not indicate which defendant was responsible for those conditions. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). He also does not indicate whether he was required to sleep on the floor and whether he was provided with bedding. Therefore, he may not proceed on a conditions of confinement claim.

Additionally, although Hood has named Officer Clark as a defendant, he is not otherwise mentioned in the complaint. He has not described any unconstitutional conduct on the part of Officer Clark.

Finally, Hood has sued the Allen County Jail. The Allen County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This amended complaint does not state a claim for which relief can be granted. If Hood believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Derrick L. Hood, Jr., until **May 27, 2024**, to file an amended complaint; and

(2) CAUTIONS Derrick L. Hood, Jr., that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 26, 2024.

4

                                             s/ *Holly A. Brady*
                                             CHIEF JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT