UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK L. HOOD, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-135-HAB-SLC |
| ZAKHI, | |
| Defendant. | |

## OPINION AND ORDER

Derrick L. Hood, Jr., a prisoner without a lawyer, filed a second amended complaint. ECF 29. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hood alleges that, on December 12, 2022, while confined at the Allen County Jail awaiting trial, Officer Zakhi assaulted him. While conducting a cell search, Officer Zakhi pulled the covers off Hood and asked if he was suicidal. Hood said that if he were suicidal, Hood would know it. Officer Zakhi placed Hood in restraints and patted Hood down. Hood asked Officer Zakhi why he was being so rude. In response, Officer Zakhi shoved Hood into the wall and lifted him off his feet. When Hood noted that this

was on camera, Officer Zakhi said he could assault him all he wanted and nobody would do anything about it.

Because Hood was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, Hood plausibly alleges that Officer Zakhi used objectively unreasonable force against him when he shoved him and lifted him off the floor while restrained on December 12, 2022.

For these reasons, the court:

(1) GRANTS Derrick L. Hood, Jr., leave to proceed against Officer Zakhi in his individual capacity for compensatory and punitive damages for using excessive force against him on December 12, 2022, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Officer Zakhi at the Allen County Sheriff's Department, with a copy of this order and the second amended complaint (ECF 29);

(4) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of Officer Zakhi, if he does not waive service and he has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Zakhi to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 31, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT